UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAMMY HARRIS,

    Plaintiff,

CASE NO. 6:19-cv-1420-Orl

v.

WILLIAM STEVEN BERGEN and
BLAKE RICHARD SENTERS,

    Defendants
_____/

## AFFIDAVIT OF COMPLIANCE

Upon being duly sworn, the Affiant, John A. Watson, deposes and says:

1.     My name is John A. Watson.

2.     I am an attorney employed by the law firm of Bogin, Munns & Munns, P.A., who represents Plaintiff, **TAMMY HARRIS**, in Case Number: 6:19-cv-1420-Orl.

3.     Despite exercising due diligence, I have been unable to discover the present whereabouts of Defendant, **BLAKE RICHARD SENTERS**, within the borders of the State of Florida and the State of California.

4.     Plaintiff has exhaustively tried serving the Defendant at the address listed on the police report, and tried serving the Defendant in Los Angeles where the Plaintiff believes Mr. Senters currently resides.

5.     Efforts to locate Mr. Senters are outlined below:

    a.     On or about 2/8/19 Plaintiff employed a process server to try to serve BLAKE RICHARD SENTERS at 6085 Anello Drive, Melbourne, FL (which is the address provided by Mr. Senters at the time of the accident). A "Ms. Lupo" at this address advised that

Mr. Senters is "not a resident at this address and was identified as the previous homeowner per current occupant and homeowner since October, 2017. with the Summons, Complaint and discovery which is the subject of this litigation. A copy of the return of the non-service is attached as Exhibit "A" and made a part hereof).

   b. On or about February 28, 2019 Plaintiff became aware that Mr. Senters might live in the Greater Los Angeles area (specifically, 1315 S. Flower Street, #437, Los Angeles, CA 90015). Armed with this information, Plaintiff employed the services of an out-of state process server in order to serve Mr. Senters in Los Angeles.

   c. On or about February 28, 2019 @ approximately 4:44 p.m. the process server proceeded to the address above and tried to gain access, however, discovered that he needed a key or a key card to get into the apartment complex.

   d. On or about March 1, 2019 @ 7:50 a.m. the process server, once again, proceeded to the address above and tried to gain access; however, there was no foot traffic that would permit him access to the secure building.

   e. On or about March 2, 2019 @ 8:15 p.m., the process servicer, for the third time, proceeded to the address above and tried to gain access; however, despite waiting 20 minutes, no one came in and out of the complex. The process server was, at that time, asked to discontinue attempts at service and was asked to provide an Affidavit on Non-Service. A copy of the non-service is attached hereto as Exhibit "B" and made a part hereof.

   f. On or about April 3, 2019, my staff reached out to former opposing counsel, Christopher Dean as follows: "We believe we have located him (Mr. Senters) in Los Angeles; however, he lives in a gated apartment building and our pcoess server cannot gain access. I believe he and Mr. Bergen (co-defendant) are friends. Could you ask Mr. Bergen to

confirm that Mr. Senters' residence and contact Mr. Senters so we may effectuate service or will you accept service for Mr. Senters? A copy of the email request is attached hereto as Exhibit "C" and made a part hereof.

        g.    On or about April 7, 2019, former opposing counsel, Christopher Dean replied as follows: "I don't have authority to accept service of process at this time; however, I will let you know if this changes."

        h.    On or about April 8, 2019, my staff, once again reached to Mr. Dean and requested again if "you (Mr. Dean) would grant us permission to contact Mr. Senters in order to arrange service of process. This was met with no response. A copy of the email is attached hereto as Exhibit "D" and made a part hereof.

        i.    On or about April 8, 2019, undersigned sent, by Certified Mail #91 7199 9991 7038 4831 1917 and USPS regular mail a "Courtesy Copy" of the Complaint and discovery to Mr. Blake Senters, 6085 Annello Drive, Melbourne, FL 32940. Both items came back RTS on April 12, 2019. Copies of both packages are attached hereto as Exhibit "D" and made a part hereof.

        j.    On or about April 8, 2019, undersigned sent by Certified Mail #91 7199 9991 7038 4831 1900 and USPS regular mail a "Courtesy Copy" of the Complaint and discovery to Mr. Blake Senters to 1315 S. Flowers Street, #437, Los Angeles, CA 90015. Both items came back RTS. Copies of both packages are attached hereto as Exhibit "E" and made a part hereof.

k.  With no other recourse, on or about June 3, 2019, undersigned requested an Alias Summons to be executed by the Clerk to the attention of the Secretary of State. On or about June 5, 2019 undersigned received same. Copy of the Alias Summons is attached hereto as Exhibit "F" and made a part hereof.

l.  On or about June 5, 2019 (letter dated June 3, 2019), undersigned sent, by Certified Mail #91 7199 9991 7038 4831 1948 the Alias Summons, Complaint, Discovery and check in the amount of $8.75 to the Secretary of State for review and acceptance. Copy of the correspondence is attached hereto as Exhibit "G" and made a part hereof.

m.  On or about July 12, 2019 the undersigned received a letter from the Secretary of State acceptance service of Mr. Senters on June 11, 2019. Copy of the correspondence is attached hereto as Exhibit "H" and made a part hereof.

n.  On of about July 25, 2019, former defense counsel, Christopher Dean, field a Joint Stipulation for Substitution of Counsel, withdrawing his "representation of the **Defendants WILLIAMS (sic) STEVEN BERGEN and BLAKE RICHARD SENTERS**. Copy of the Stipulation is attached hereto as Exhibit "I" and made a part hereof.

o.  On or about July 25, 2019, Mr. Dean also filed a Client Consent Form for Substitution of Counsel signed by **both** William Bergen and Blake Richard Senters. This proved that Mr. Dean had been in contact and was aware of the whereabouts of Mr. Senters and was therefore, precluding service of Mr. Senters causing expenditures of excess of amounts monies for service by Plaintiff despite asking for his cooperation on serving Mr. Senters for several months. Copy of the Consents are attached hereto as Exhibit "J" and made a part hereof.

   p. On or about July 30, 2019, the Court entered the Order on Joint Stipulation for Substitution of Counsel. Copy of the Order attached hereto as Exhibit "K" and made a part hereof.

   q. On or about August 1, 2019, the aforementioned cause was removed to Federal Court.

   r. As required by F.S. 48.161, 48.081 and 48.19 a copy of the Secretary of State's acceptance of the Complaint and discovery on behalf of Mr. Senters was sent by Certified Mail #91 7199 9991 7038 4831 4963 on August 8, 2019 to Mr. Senters' address listed on the police report (i.e. 6085 Annello Drive, Melbourne, FL 32940). Copy of the correspondence and attachments are attached as Exhibit "L" and made a part hereof.

   s. On or about August 10, 2019 said package detailed in r. above, was returned by the United States Postal Service as "no longer at this address Refused". Copy of the envelope is attached as Exhibit "M" and made a part hereof.

   7. It is clear from the foregoing that the Plaintiff has done all they can to find the whereabouts of the Defendant and both he and former and current opposing counsel are purposely precluding discovery and service of process.

FURTHER AFFIANT SAYETH NAUGHT.

                     _____
                     John A. Watson, Affiant

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing instrument was acknowledged before me this 23rd day of September, 2019, by John A. Watson, who is personally known to me and who did (did not) take an oath.

✓ is/are personally known to me.
__ produced _____ as identification.

(Notary seal must be affixed)

SONIA TORRES
Notary Public - State of Florida
Commission # GG 274735
My Comm. Expires Nov 6, 2022
Bonded through National Notary Assn.

**SIGNATURE OF NOTARY**

**Name of Notary (Typed, Printed or Stamped)**