UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:19-cv-1420-RBD-DCI

TAMMY HARRIS,

    Plaintiff,

vs.

WILLIAM STEVEN BERGEN and
BLAKE RICHARD SENTERS

    Defendants

_____/         **SPECIAL APPEARANCE**

**MOTION TO QUASH SUBSTITUTE SERVICE OF PROCESS AS TO DEFENDANT BLAKE RICHARD SENTERS AND MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE PROCESS**

COMES NOW the Defendant, BLAKE RICHARD SENTERS (hereinafter "Mr. Senters"), *through special appearance only,* without any voluntary submission to the jurisdiction of the court and files this Motion Quash Substitute Service of Process and Motion to Dismiss For Failure to Timely Serve Process as to Defendant Blake Richard Senters.

**PROCEDURAL HISTORY**

1. This case arises out of an automobile accident which occurred on or about January 5, 2015 in Brevard County, Florida.

2. Plaintiff filed the lawsuit in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida on December 20, 2018.

3. A summons was issued in the Brevard County Circuit Court on December 21, 2018.

4. As of May 24, 2019, Mr. Senters had not been served within the time period required under Fla. R. Civ. P. 1.070(j).  Former counsel for Mr. Senters made a special appearance and filed a Motion to Dismiss **(DE 1-1 pp.74-75).**

5. The Plaintiff requested an additional sixty day extension of time, which the court granted. **(DE1-1, p. 87)**. Plaintiff had until **August 16, 2018** to serve Mr. Senters.

6. On August 1, 2019 this case was removed to this Court upon grounds for diversity jurisdiction pursuant to 28 U.S.C §§ 1332 (a).

7. The deadline for service passed and Plaintiff did not file an affidavit of compliance as required under § 48.161 (1) Fla. Stat. Plaintiff did not move for an extension of time to file an affidavit of compliance.

8. Plaintiff did not file her Affidavit of Compliance until September 23, 2019 (DE 14).The affidavit was not timely. Substitute service must be strictly construed and failure to timely file an affidavit of compliance alone warrants quashing service. *Clements v. Jace,* No. 8:17-CV-0316-T-36MAP, 2017WL1435966 at * 3 (M.D. Fla. April 10, 2017).

9. Plaintiff's Affidavit of Compliance is also insufficient because Plaintiff did not file Mr. Senter's return receipt demonstrating that he received a copy of the complaint and notice of service, which is a requirement under § 48.161 (1) Fla. Stat.  In order to waive this requirement Plaintiff must set forth facts which establish that Mr. Senters took action to evade service. *Jace,* 2017WL1435966 at * 3. All the Plaintiff has established is that Mr. Senters lived in a gated community and that he could not ascertain the proper address from Mr. Senters.

10. The Defendant requests the court quash the substitute service. Plaintiff has unable to timely and properly serve Mr. Senters within the period set forth by the Brevard County Circuit Court. The Defendant requests the Court dismiss the Complaint as to Mr. Senters for failure to timely serve process.  Fed. R. Civ. P. 12(b)(5).

## **MEMORANDUM OF LAW**

Florida Statute § 48.171 authorizes the Secretary of State to serve a as non-resident motorist's agent. *Id.* at *2.  Plaintiff must first allege in her complaint that the "defendant was a resident who subsequently became a non-resident, or a resident of Florida concealing her whereabouts… the service must strictly comply with Fla. Stat. § 48.161." *Id.*

Section 48.161 requires that substitute service be evidenced by:

> "(1) registered or certified mailing to the nonresident of (a) notice of such substituted service and (b) a copy of the process, which must be evidenced by (c) the filing of the nonresident's return receipt and (d) an affidavit of compliance by plaintiff or his or her attorney; or (2) an appropriate officer's return showing service on the nonresident within or without the state of Florida."

*City of Jacksonville v. Arrigato, Inc.,* No. 3:10-CV-211-J-32MCR, 2010WL3069135 at * 1 (M.D. Fla. August 1, 2010). The affidavit of compliance must be filed on or before the return day of the process or within such time as permitted by the court. Fla. Stat. § 48.161.

Because Sections 48.161 and 48.181 are exceptions to the general requirement that a defendant be personally served, strict compliance is required.  *Kasby v. Upper Deck Bar & Grill, LLC.,* No. 6:11-CV-152-ORL-36 GJK, 2012WL (M.D. Fla. Sept. 26, 2012). The party that wishes to use the substitute services bears the burden of showing the statute is applicable. *Clements,* 2017WL14359606 at * 2.  If there is a failure to strictly comply with

3

the service of process rules, then service must be quashed. *Brown v. U.S. Bank Nat'l Ass'n.*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013). Plaintiff failed to strictly comply with these requirements because 1) Plaintiff did not timely file an affidavit of compliance and 2) Plaintiff failed to file the defendant's return receipt, which demonstrates receipt of the Complaint and notice of service. Substitute service should be quashed.

### A. Plaintiff Failed to Timely File an Affidavit of Compliance

The affidavit of compliance must be filed on or before the return date of process, or twenty days after service to the Secretary of State. *Cohen v. Aponte,* 24 So. 24 So. 3d 807 (Fla. 4th DCA 2010). Plaintiff provided documentation alleging that the Secretary of State accepted service on July 12, 2019 (DE 14-1 p. 15). Plaintiff's affidavit of compliance should have been filed by Thursday, August 1, 2019.

"Florida courts have been legion in holding that the failure to timely file an affidavit of compliance alone warrants quashing of the substituted service." *Clements,* 2017WL1435966 (M.D. Fla. Apr. 10, 2017) (quoting *Monaco v. Nelson,* 810 So. 2d 1084 (Fla. 4th DCA 2002). Plaintiff did not timely file an Affidavit of Compliance by the required deadline. At no point did Plaintiff seek an extension from the Court. Failure to timely file the Affidavit of Compliance warrants that substitute service be quashed.

### B. Plaintiff Failed to Timely Filed Defendant Senters' Return Receipt and There is no Evidence that He is Evading Service

Courts may dispense with the filing of a defendant's post receipt only if there is evidence that the defendant is evading service. *HER Aviation Inc. v. Lawson,* No. 3:09-CV-

210-J-32TEM, 2011WL46119 at * 2 (M.D. Fla. Jan. 6, 2011). "The failure of delivery of service must be attributable to the defendant." *Celments,* 2017WL1435966 at * 2.

The facts in *Clements* are similar to those here. In that case efforts were made to serve the defendant at a Florida address and the plaintiff was informed that the defendant had not lived at that address for at least nine months. *Id.* at 83. The plaintiff then made efforts to serve substitute process at that address which came back unclaimed. *Id.* The district court found that the plaintiff had not met her burden of demonstrating that she was exempt from filing a return receipt. *Id.*

A review of the Affidavit of Compliance does not demonstrate that failure to deliver process is attributable to Mr. Senters. There is no indication that he actively refused or rejected substitute service. What we have learned from the affidavit is limited to the following:

- Mr. Senters no longer lives at the Melbourne Address;

- Attempts to serve Mr. Senters in the greater Los Angeles area have been unsuccessful because he lives in a gated apartment building where the process server does not have access;

- The process server made three attempts to serve Mr. Senters at the Los Angeles address but could not gain access. The process server waited twenty minutes but no one came in or out of the building. The process server was then told to discontinue attempts at service.

(DE 14-1 at ¶ 5).

None of these statements demonstrate that Mr. Senters is attempting to actively evade service. The fact that Plaintiff resides in a gated community or did not leave his home in the twenty minutes the process server waited for him is not proof that he is actively evading service. *See e.g. Hernandez v. State Farm Mut. Auto Ins. Co.,* 32 So.3d 695, 699 (Fla. 4th DCA 2010)("the mere fact that [the defendant] was not located at the address where State Farm sent the certified mail does not give rise to an inference that [the defendant] intentionally failure or refused to claim subsisted service.")

The Affidavit of Compliance reflects that the notice of service and copy of the complaint, was not sent to the Los Angeles address, but rather to Mr. Senters' former address in Melbourne, Florida. Plaintiff's counsel's own affidavit indicates that counsel was aware this was no longer the appropriate address for Mr. Senters. (DE 14-1 ¶ 5a).  Plaintiff was made aware of this information as early as February 8, 2019. *Id.* A single attempt to mail the required documents to a known incorrect address does not show reasonable effort to comply with rules of service that must be strictly construed.

 Plaintiff cites to a series of email correspondence between himself and former opposing counsel, who was not authorized to waive service for Mr. Senters. A lawyer's refusal to provide contact information on behalf of a client to an opposing party in no way indicates that Mr. Senters is actively evading service. Plaintiff has not demonstrated an exception to the requirement that he file defendant Senters' return receipt nor provided evidence of a diligent good faith effort to serve the defendant.

6

### C. Plaintiff Failed to Timely Serve Senters

Plaintiff did not serve Mr. Senters within the time period required under Fla. R. Civ. P. 1.070 (j). Plaintiff previously sought an extension of time to serve Mr. Senters and was provided a sixty day extension until August 16, 2019. Plaintiff still failed to properly serve Mr. Senters within the extended time provided by the Brevard County Circuit court. Defendant requests the court dismiss the case as to Mr. Senters.  See Fed. R. Civ. P. 12(b)(5).

WHEREFORE, The Defendant, Blake Richard Senters, respectfully requests the court quash substitute service of process, dismiss the case as to defendant Senters, and grant any further relief the court deems just.

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Middle District of Florida Local Rule 3.01(c), the undersigned certifies that they have conferred with Plaintiff's counsel by telephone on October 8, 2019 and that he opposes the relief sought herein.

Dated: October 9, 2019

Respectfully Submitted,

**s/ James O. Williams**_____
James O. Williams, Jr., Esq. (eservice@wlclaw.com)
Florida Bar No. 0614513
Jessica R. Glickman, Esq.
Florida Bar No. 118586
Counsel for Defendants
Williams, Leininger & Cosby, P.A.
11300 US Highway One, Suite 300
North Palm Beach, Florida 33408

7

                      Telephone No. (561)615-5666
                      Facsimile No. (561)615-9606

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2019, I electronically filed the foregoing document via CM/ECF to the parties listed below.

                      **s/ James O. Williams**, Jr.
                      Florida Bar No. 0614513

**SERVICE LIST:**
John Allan Watson, Esq.
Travis J. McMillen, Esq.
Bogin, Munns & Munns, P.A.
Gateway Center
1000 Legion Place, Suite 1000
Orlando, FL 32801
Telephone: 407.578.9696
Facsimile: 407.241.3800
jwatson@boginmunns.com
stores@boginmunns.com
bmmservice@boginmunns.com
*Counsel for Plaintiff*