# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TAMMY HARRIS,**

        **Plaintiff,**

v.                                            Case No: 6:19-cv-1420-Orl-37DCI

**WILLIAM STEVEN BERGEN and**
**BLAKE RICHARD SENTERS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO QUASH SUBSTITUTE SERVICE OF PROCESS AS TO DEFENDANT BLAKE RICHARD SENTERS AND MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE PROCESS (Doc. 20)** |
| **FILED:** | October 9, 2019 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

### I.  Background

On December 20, 2018, Plaintiff filed this action – related to a January 2015 automobile accident – against Defendants Bergen and Senters in state court in Brevard County, Florida. Doc. 1. In the Complaint, Plaintiff alleged, among other things, that Senters "was a non-resident, or a resident of Florida who subsequently became a non-resident, or a resident of Florida concealing his whereabouts." Doc. 1-1 at 2.

As of May 24, 2019, Senters had not been served, and former counsel for Senters made a special appearance and moved to dismiss for failure to serve Senters in the time provided by Fla.R.Civ.P. 1.070(j).  Docs 1; 1-4 at 74-75.  Plaintiff then requested an extension from the state court and was given a 60-day extension to serve Senters, making the service deadline August 16, 2019.  Docs 1; 1-4 at 87.  On July 25, 2019, current counsel for Senters and Bergen appeared in the case by filing a Joint Stipulation for Substitution of Counsel and a client consent signed by both Senters and Bergen.  Doc. 23-1 at 17-19.

On August 1, 2019, Bergen, who had been served personally, removed this action to this Court on the basis of the Court's diversity jurisdiction.  Doc. 1.  In the Notice of Removal, Bergen stated that Senters was a citizen of California – again, Bergen's attorneys also represent Senters.  *Id*. at 4.

On September 23, 2019, Plaintiff filed an Affidavit of Compliance by his counsel stating, among other things, that Plaintiff could not locate Senters within Florida or California, and detailing the efforts Plaintiff had made to locate and serve Senters.[1]  Doc. 14 at 1.  In the Affidavit, counsel explains that on June 3, 2019, he requested an alias summons for Senters from the clerk of the state court, and on June 5, 2019, sent that alias summons, the Complaint, discovery, and a check in the amount of $8.75 via certified mail to the Florida Secretary of State, who acknowledged acceptance.  *Id*. at 4.  Counsel also states that "[a]s required by F.S. 48.161, 48.081 and 48.19 copy of the Secretary of State's acceptance of the Complaint and discovery on behalf of Mr. Senters was sent by Certified Mail [] on August 8, 2019 to Mr. Senters' address listed on the police report (i.e. [], Melbourne, FL 32940)."  *Id*. at 5.  On August 10, 2019, the United States Postal Service returned

---

[1] The service attempts are described – and characterized – by both parties.  Suffice it to say, for the purposes of this Report, that at least some attempts at service were made in California after Plaintiff obtained information that Senters no longer lived in Florida.

the letter to the Melbourne address as "no longer at this residence. Refused." Docs. 14; 14-1 at 22. The Affidavit concludes as follows: "It is clear from the foregoing that the Plaintiff has done all they can to find the whereabouts of [Senters] and both he and former and current opposing counsel are purposely precluding discovery and service of process." Doc. 14 at 5.

On October 7, 2019 – 14 days after the Affidavit was filed – Senters made a special appearance and requested an extension of time to file a motion to quash service of process and motion to dismiss. Doc. 17. The Court granted that request. Doc. 18.

On October 9, 2019, Senters, still appearing specially, moved to quash service of process and for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5). Doc. 20 (the Motion). In the Motion, Senters makes three arguments. First, Senters asserts that service must be quashed because the Affidavit was late filed. *Id.* at 4. Second, Senters asserts that Plaintiff has not filed a return receipt of certified mailing being accepted by Senters as required by Florida Statutes section 48.161, and Plaintiff has not established that such a return receipt need not be filed due to Senters evading service. Doc. 20 at 4-6. Third, Senters makes a perfunctory argument that the Court should dismiss the Complaint as against Senters for lack of service. *Id*. at 7.

In response, Plaintiff first argues that she has exercised sufficient diligence to allow service pursuant to Florida Statutes section 48.161. Doc. 23 at 8-9. But that issue is not squarely addressed by the Motion. Plaintiff then concedes that the Affidavit was untimely and, in the same breath, makes a request for an extension of time to file an amended affidavit; a request for relief improperly buried within a response. *Id*. at 9.

**II.   Discussion**

Although it is not squarely addressed by the parties, it appears that Plaintiff's service of Senters is – or was intended to be – pursuant to the substitute service provisions of Florida Statutes

section 48.171, which authorizes the Florida Secretary of State to serve as a non-resident motorist's agent. As a Court in this District recently observed:

> To utilize the substitute service provisions of Fla. Stat. § 48.171, . . . a plaintiff must meet two requirements. First, she must "allege in [her] complaint that the defendant was a non-resident, or a resident of Florida who subsequently became a non-resident, or a resident of Florida concealing his whereabouts." *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So.3d 695, 698 (Fla. 4th DCA 2010) (citation and quotations omitted). Second, the service must strictly comply with Fla. Stat. § 48.161. This section sets forth the method to achieve substituted service of process and reads:
>
>> When authorized by law, substituted service of process on a nonresident or a person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. *Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows....*
>
> Fla. Stat. § 48.161 (emphasis added).
>
> Courts boil down these technical requirements for substituted service as follows: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." *See, e.g., Smith v. Leaman*, 826 So.2d 1077, 1078 (Fla. 2nd DCA 2002).

*Clements v. Jace*, No. 8:17-CV-0316-T-36MAP, 2017 WL 1435966, at *2 (M.D. Fla. Apr. 10, 2017), *report and recommendation adopted*, No. 8:17-CV-316-T-36MAP, 2017 WL 1426715 (M.D. Fla. Apr. 21, 2017). However, "[t]here is an exception to the requirement that a plaintiff file the defendant's return receipt: 'When a resident conceals his whereabouts, obviously it is impossible to serve him by mail or otherwise. When a defendant makes it impossible for the plaintiff to serve him by mail or otherwise, the failure to file defendant's return receipt does not

- 4 -

prevent this court from acquiring jurisdiction.'" *Clements*, 2017 WL 1435966, at *3 (citing *Verizon Trademark Servs., LLC*, 2011 WL 3296812, at *5 (quoting *Fernandez v. Chamberlain*, 201 So.2d 781, 786 (Fla. 2nd DCA 1967))). "It is well established under Florida law that perfection of substituted service under section 48.161 requires strict compliance with the statutory requirements." *Cruz v. Petty Transp., LLC*, 2008 U.S. Dist. LEXIS 59124, *2 (M.D. Fla. July 14, 2008) (internal citations and quotations omitted).

"In determining the validity of service in the state court prior to removal of an action, the federal court must apply the law of the state under which the service was made." *Clements*, 2017 WL 1435966, at *3 n.4 (citing *Mochrie v. R.J. Reynolds Tobacco Co.*, No. 2:16–cv–306–FtM–38CM, 2016 WL 6681062, at *2 (M.D. Fla. Nov. 14, 2016)). "But once a case has been removed to federal court, federal law governs subsequent attempts at service of process." *Id.* (citing 28 U.S.C. § 1448, Fed. R. Civ. P. 81(c)(1)). Federal Rule of Civil Procedure 4 governs service in federal court, although no party discusses the implication of that Rule, whether as to timing or method of service.

Here, prior to removal, Plaintiff was granted an extension to August 16, 2019 to serve Senters. It is undisputed that Plaintiff failed to perfect service upon Senters by that date. Indeed, in her response, Plaintiff concedes that the Affidavit was untimely filed and makes a procedurally improper request for an extension of time to file an amended affidavit of compliance. Further, Plaintiff filed an amended affidavit on November 15, 2019. Doc. 26. Thus, service did not comply strictly with section 48.161, which requires that "the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows." Because service did not comply strictly with the statute, it is due to be quashed.

As the undersigned has recommended service be quashed due to the untimely filing of the Affidavit, the Court need not address whether Senters is "evading" service pursuant to the exception to the requirement that a plaintiff file the defendant's return receipt. Further, although much of Plaintiff's response concerns whether substitute service may be made pursuant to section 48.161, it does not appear from the Motion that Senters is challenging that proposition. Senters simply challenges whether the Affidavit was timely filed and whether the aforementioned exception to filing the defendant's return receipt is applicable here. Thus, the primary thrust of the response is inapposite.

In addition, Senters makes a perfunctory argument for dismissal pursuant to Rule 12(b)(5), but that request fails to comply with Local Rule 3.01(a) because it is not accompanied by a memorandum of law in support of the requested relief. As such, that request is due to be denied without prejudice.

Thus, what remains is Plaintiff's procedurally improper request for an extension of time, and the requirement of Rule 4(m):

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . .

Given the facts and circumstances of this case, the undersigned finds that the action should not be dismissed for failure to timely serve at this juncture. Instead, the Court should order that service be made within a specified time.

### III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 20) be **GRANTED** to the extent that service of process upon Defendant Blake Richard Senters be **QUASHED**;

2. The Motion (Doc. 20) be **DENIED** to the extent it requests any further relief; and

3. Plaintiff be given 45 days from the date of adoption of this Report (if adopted) to serve Defendant Blake Richard Senters.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida on November 19, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties